**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jeffrey Charles ZAJAC,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lloyd Ferrel PATTERSON,**
**Defendant-Appellant.**

**Nos. 80–7819, 80–7825.**

United States Court of Appeals,
Eleventh Circuit.

May 24, 1982.

James W. Lawson, Boston, Mass., for Jeffrey Charles Zajac.

John W. Stokes, Decatur, Ga., for Lloyd Ferrel Patterson.

Gerrilyn G. Brill, U. S. Atty., C. Michael Abbott, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before MORGAN, TJOFLAT and JOHNSON, Circuit Judges.

PER CURIAM:

John Robert Parks and appellants Lloyd Ferrel Patterson and Jeffrey Charles Zajac, doing business as Parkhold, N. V., engaged in a fraudulent scheme to induce victims to pay substantial fees to Parkhold by making false promises that Parkhold would provide or arrange financing for proposed business ventures. The three were charged by indictment with multiple counts of inducing individuals to travel in interstate commerce in the execution of a scheme to defraud, in violation of 18 U.S.C. § 2314; wire fraud, in violation of 18 U.S.C. § 1343; mail fraud, in violation of 18 U.S.C. § 1341; conspiracy to violate 18 U.S.C. §§ 2314 and 1341, in violation of 18 U.S.C. § 371; and attempted obstruction of a criminal investigation, in violation of 18 U.S.C. § 1510.[1] Patterson and Zajac appeal from the judgment of the district court on jury verdicts finding Parks guilty of all charges, Patterson guilty of all charges except wire fraud and attempted obstruction of a criminal investigation, and Zajac guilty on all charges except attempted obstruction of a criminal investigation.

Patterson and Zajac contend that they were denied their sixth amendment right to the effective assistance of counsel because their attorney's simultaneous representation of Parks constituted a conflicting interest that precluded an effective defense for Patterson and Zajac. Appellants argue that the joint representation prevented the assertion of the viable defense that they, like Parkhold's "customers," were innocent victims of Parks' misrepresentations. Since the shared attorney could not assert this defense without inculpating Parks, they contend, he relied solely on the common defense that Parkhold was a legitimate operation, offering in good faith to provide or arrange financing, and that the eventual failure of funding was due not to any fraud, but rather to customers' failures to provide necessary documentation, proposed

---

1. A fourth defendant, James F. Lee, is not involved in any way in this appeal.

ventures' failures to qualify for funding, or government interference.

 For a conflict of interest to cause ineffective assistance of counsel the conflict must be actual, not merely hypothetical or speculative. *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980); *United States v. Fox*, 613 F.2d 99, 102 (5th Cir. 1980). Furthermore, a criminal defendant may waive his right to the assistance of an attorney free of conflicting interests, *Holloway v. Arkansas,* 435 U.S. 475, 483 n.5, 98 S.Ct. 1173, 1178 n.5, 55 L.Ed.2d 426 (1978); *United States v. Alvarez*, 580 F.2d 1251, 1259 (5th Cir. 1978); *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), and the waiver, if otherwise valid, is effective even where an actual conflict is present. *United States v. Fox*, 613 F.2d at 102 (5th Cir. 1980). In *United States v. Garcia*, 515 F.2d at 278, we established a procedure whereby a trial court might determine whether a defendant is voluntarily and knowingly waiving his right to conflict-free counsel. We hold that the procedure followed by the trial court in this case comported with the requirements of *Garcia* and that the magistrate who conducted the *Garcia* hearing properly concluded that the joint representation was proper.

 Shortly after the indictment in this case, the United States Magistrate conducted a thorough hearing to determine whether Parks, Patterson, and Zajac understood the potential problems in joint representation and whether they waived their right to conflict-free counsel. He first advised the three defendants in the presence of their attorney and the prosecutor of their right to the effective assistance of counsel and of potential areas of conflict in multiple representation. Significantly, he commented, "There's a possibility that [the attorney] would argue that the prior action of Mr. Parks should not be attributed to the other two defendants, which could create a conflict in the case and would tend to throw more blame on Mr. Parks than on the other two ...."

The magistrate then excused the prosecutor and questioned the defendants' attorney, who indicated that he saw no conflict of interest, that he was aware of no witness who would incriminate one defendant more than another, and that the three defendants equally participated in the affairs of Parkhold.

Finally, the magistrate interviewed each defendant individually and privately. Zajac stated that he saw no conflict; that the three defendants had functioned as a unit; that he thought his defense would be hampered if he had to find new counsel; that separate counsel would be detrimental to his defense; that he understood and had considered the possibility of conflict and had discussed it with the defendants' attorney; that the three defendants were sharing equally the cost of the representation; and that he was willing to waive any possible conflict. Patterson stated that the three defendants were sharing equally the cost of the representation; that he foresaw no possible conflict; that the three shared a common defense; and that he was willing to waive any possible conflict that might arise by reason of the joint representation.

Because we hold that this procedure fully satisfied *Garcia*, we need not decide whether the conflict the appellants point to was merely hypothetical and speculative or was the sort of actual conflict required for a deprivation of effective assistance of counsel. The appellants cite certain occurrences at trial as instances in which actual conflicts of interest arose and which the shared attorney resolved in Parks' favor and to their detriment. We question whether any of the cited occurrences actually operated to the appellants' prejudice. In any event, all the occurrences were well within the scope of the potential conflicts appellants were aware of when they waived their right to conflict-free representation before trial.

We have considered the other points raised on this appeal and find them worthy of neither reversal nor discussion.

AFFIRMED.