**UNITED STATES of America,**
**Appellee,**

v.

**Archie LAANO, M.D., Defendant–**
**Appellant.**

**Docket No. 02–1446.**

United States Court of Appeals,
Second Circuit.

Feb. 3, 2003.

Wayne L. Baker, Assistant United States Attorney, (Cecil C. Scott, Assistant United States Attorney), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, for Appellee the United States, of counsel.

Paula Schwartz Frome (Joseph R. Maddalone, Jr.), Melville, New York, for Defendant–Appellant Archie Laano, of counsel.

Present: NEWMAN, KATZMANN, and RAGGI, Circuit Judges.

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Eastern District of New York (Wexler, Leonard D., *J.*), it is hereby

On Friday, May 21, 2001, with a jury selected and trial scheduled to begin the following Monday, the Defendant Archie Laano pleaded guilty to one count of health care fraud. After a weekend of reflection, he directed his attorney to send a letter to the court, dated May 24, 2001, seeking to withdraw his plea. In support of his formal motion, filed June 14, 2001, Laano submitted several affidavits, including one in which he himself averred that he was innocent of the charged fraud and that some of his statements at his plea allocution had been inaccurate. The District Court denied Laano's motion to withdraw the plea, and, at sentencing, upon the recommendation of the Government and the U.S. Probation Office, imposed a two-level enhancement for obstruction of justice, based on Laano's false claims in his affidavit. Laano now appeals both determinations.

Because of the great seriousness of the declaration of guilt, and the potential for gamesmanship that would attach to easy revocability of that plea, we have limited the circumstances in which a plea may be withdrawn. *See United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir.1997). We review the district court's determination for abuse of discretion. *United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir.2001).

Laano has not come forward with any sufficient justification for withdrawing his plea of guilty. " 'The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea.' " *United States v. Grimes*, 225 F.3d 254, 259 (2d Cir.2000) (quoting *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir.1992)). By this standard, it is plain that Laano's reconsideration of the financial consequences of his plea, and his re-evaluation of the risks of trial, were not reason enough to disturb the plea.

.

Although Laano alleges that he was "reluctant" to enter his plea, and in a "panic" when he did so, neither circumstance would alter our analysis. Stress or concern over consequences to oneself or one's family are a common feature to nearly every prosecution. To sanction withdrawal on that basis would undo our presumption that the plea is binding. In any event, we agree with the First Circuit that "[t]he relevant question for plea withdrawal is not whether the accused was sensitive to external considerations–many defendants are–but instead whether the decision to plead was voluntary, i.e., a product of free will." *United States v. Pellerito*, 878 F.2d 1535, 1541 (1st Cir.1989). We see nothing in the record to suggest that Laano's plea was involuntary in the sense our precedents have defined. The allocution transcript reveals that Laano, an educated physician, had ample opportunity to consult with counsel before and during his plea. Counsel reported no doubts as to his client's competency to proceed with a plea. In colloquy with the district judge, Laano demonstrated his understanding of the elements of the charged crime, his rights as a defendant, and the consequences of a guilty plea. Most importantly, the district judge, who both accepted Laano's guilty plea and thereafter denied his motion to withdraw it, expressly stated that he had observed no sign that Laano was suffering from duress when he admitted culpability.

Laano's brief also suggests that his actual innocence supplies another basis for withdrawing the plea. A defendant who offers a claim of innocence to substantiate altering his plea must overcome "the strong presumption of verity that attaches to his admissions of guilt at his plea allocution." *Hirsch*, 239 F.3d at 225 (internal quotations omitted). Indeed, we have observed that the allocution remarks "are generally treated as conclusive in the face of the defendant's later attempt to contra-

dict them." *See Adames v. United States*, 171 F.3d 728, 732 (2d Cir.1999) (citing *Gonzalez*, 970 F.2d at 1101). The district court may draw all inferences against the conclusion that the defendant is actually innocent. *See Maher*, 108 F.3d at 1530.

The count on which Laano entered a guilty plea charged him with billing both Medicare and private insurance companies for expensive "nerve block" procedures when he knew that, in fact, he was only performing acupuncture, a service covered not at all, or at much lower rates. At Laano's allocution, the District Court asked Laano to describe his own wrongdoing. This exchange followed.

> Laano: Count one, your Honor, I was doing acupuncture treatment in my medical office and I billed for nerve block injections.

> The Court: Did you know it was a different procedure than that which you were claiming?

> Laano: I think I made a mistake, your Honor.

> The Court: Did you know it was a mistake? A mistake, you cannot plead guilty. You have to know it.

> Laano: Yes, your Honor.

> The Court: You knew you were doing something wrong?

> Laano: Now, I know.

> The Court: Did you know it then?

> Laano: Yes, your honor.

Additionally, in his affidavit, Laano claims that he did not "know" he was filing false claims, because he acted in "good faith." Specifically, he states that western medicine has failed to accept acupuncture, which he describes as "a type of nerve block which causes the body to secrete endorphines [sic] which are anesthetic agents within the body." One possible inference from these statements is that

Laano knew perfectly well that acupuncture did not fall within the definition of "nerve block" treatments, but that he honestly believed that it should. Under this reading of Laano's affidavit, he knew that what he was doing was incorrect, but felt it was justified. Accordingly, we cannot say the District Court abused its discretion in determining that Laano had insufficient evidence of his innocence to merit withdrawing the guilty plea.

Nor did the District Court clearly err in imposing a two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. As the Sentencing Commission's commentary observes, obstruction can consist of "providing materially false information to a judge or magistrate." *Id.* cmt. n. 4 (f). Laano's affidavit claimed that he had performed not acupuncture alone, but a combined acupuncture/painkiller injection technique, which arguably would fall within the definition of "nerve block." Again, at his allocution, Laano admitted that the procedures he performed were "acupuncture," and not "nerve block injections." The affidavit thus went beyond a general denial of guilt; it asserted facts that were flatly inconsistent with Laano's own statements at his allocution, and were material to the question of his guilt or innocence. The District Court was in a position to appraise the veracity of Laano's allocution testimony, and was entitled to credit it over Laano's subsequent recantation. Accordingly, we must defer to the District Court's judgment. *See Grimes,* 225 F.3d at 260; *Maher,* 108 F.3d at 1531.

Therefore, for the reasons stated above, the judgment of the District Court is hereby Affirmed.