[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2003
THOMAS K. KAHN
CLERK

No. 02-15912
Non-Argument Calendar

_____

D. C. Docket No. 01-00027-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOLORES FREIXAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 3, 2003)**

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

Dolores Freixas appeals her conviction following a guilty plea on one count

of conspiracy to defraud, use and traffic in a counterfeit access device, in violation

of 18 U.S.C. § 1029(b)(2), and her resultant sentence of 37 months imprisonment. On appeal, Freixas argues that (1) the district court abused its discretion in denying her request to withdraw her guilty plea; (2) it was improper for the magistrate judge, as opposed to the district court, to determine that she waived any potential conflict of interest on the part of her attorney; (3) she was denied effective assistance of counsel; (4) she was improperly denied a reduction in her offense level under the United States Sentencing Guidelines based on her minimal or minor role in the conspiracy; and (5) the district court erred in assessing her a two level enhancement for obstruction of justice.

We typically review the denial of a request to withdraw a guilty plea for abuse of discretion, whereas challenges to the legal authority of a magistrate judge, the effectiveness of counsel and the application of the Sentencing Guidelines are reviewed de novo. See United States v. Najjar, 283 F.3d 1306, 1307 (11th Cir. 2002) (decision regarding request to withdraw guilty plea reviewed for abuse of discretion), cert. denied, __ U.S. __, 123 S. Ct. 108, 154 L. Ed. 2d 32 (2002); United States v. Ruiz-Rodriguez, 277 F.3d 1281, 1285 n.6 (11th Cir. 2002) (magistrate judge's authority reviewed de novo); Thompson v. Haley, 255 F.3d 1292, 1297 (11th Cir. 2001) ("Ineffectiveness of counsel is a mixed question of law and fact subject to de novo review.") (citation omitted), cert. denied, 536 U.S. 942,

122 S. Ct. 2625, 153 L. Ed. 2d 807 (2002); United States v. Caro, 309 F.3d 1348, 1351 (11th Cir. 2002) (application of the Sentencing Guidelines reviewed de novo). In this case, however, Freixas's argument concerning the magistrate judge's authority is advanced for the first time on appeal, and accordingly we review it only for plain error. See United States v. Vallejo, 297 F.3d 1154, 1164-65 (11th Cir. 2002) (citation omitted), cert. denied, __ U.S. __, 123 S. Ct. 694, 154 L. Ed. 2d 646 (2002).

By contrast, we review for clear error the district court's factual findings as to the propriety of an offense level increase for obstruction of justice and its determination whether a defendant is entitled to an offense level reduction as a minor participant. See United States v. Fuentes-Rivera, 323 F.3d 869, 871 (11th Cir. 2003) (fact finding in sentencing context reviewed for clear error); United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) ("This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error. We reaffirm that holding today.") (citations omitted).

Upon thorough review of the record and careful consideration of the parties' briefs, we find no reversible error and affirm.

The relevant facts are straightforward. Freixas was arrested after Secret Service agents perceived her and several other individuals downloading stolen credit card data onto a laptop computer. She was charged with one count of conspiracy to traffic in and use unauthorized access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a) (Count 1); one count of trafficking in and using unauthorized access devices with intent to defraud, in violation of 18 U.S.C. §§ 1029(a)(2) and (c)(1)(A)(i) (Count 2); one count of possession with intent to defraud of 15 or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3) and (c)(1)(A)(i) (Count 3); and one count of effecting unauthorized transactions with access devices with intent to defraud, in violation of 18 U.S.C. §§ 1029(a)(5) and (c)(1)(A)(ii) (Count 4).

Although she initially was represented by a public defender, Freixas subsequently retained counsel, which she shared with a co-defendant, Alberto Ravelo. Although this joint representation presented a potential conflict of interest, Freixas filed a notice of waiver of potential conflict. On July 13, 2001, a magistrate judge conducted a full Garcia[1] hearing concerning the potential conflict, and ultimately concluded that appellant was competent, that she comprehended the charges against her and the maximum punishment for each, and

_____

[1]United States v. Garcia, 517 F.2d 272 (5th Cir. 1975).

that she understood both the potential conflict arising from the sharing of an attorney with an alleged coconspirator and her right to effective representation of counsel. The magistrate judge further found that appellant had "an exceptional capacity to understand and speak English." Based on these determinations, the magistrate judge concluded that Freixas could waive the potential conflict in representation, and that she knowingly and voluntarily did so.

Subsequently, on September 17-18, 2001, appellant pled guilty to counts one and four[2] of the indictment. During her plea colloquy, Freixas acknowledged that she was knowingly and voluntarily forfeiting her rights to a trial by jury at which she would be assisted by counsel, to remain silent and confront witnesses against her, to compel the appearance of witnesses on her behalf and to require the government to prove her guilty beyond a reasonable doubt. She then indicated that she was guilty of the crimes charged in counts 1 and 4 of the indictment and that she understood the terms and conditions of her plea agreement. She said that her attorney had reviewed the plea agreement with her and that she had not been threatened, pressured or intimidated into pleading guilty. She also said that she was satisfied with her attorney's services. Convinced that Freixas understood both

---

[2]By agreement of the parties, count four was dismissed after the acceptance of appellant's guilty plea but prior to sentencing.

the charges against her, the possible penalties she was facing and the rights she was relinquishing, the district court accepted her plea of guilty to counts one and four, and scheduled sentencing for January 23, 2002.

When that date arrived, however, appellant requested that she be allowed to withdraw her plea, and the proceeding was postponed to allow her to file a written motion to this effect. She did so, alleging that she was not actually guilty of any conspiracy or substantive offense. She further contended that her retained counsel had failed to discuss the government's evidence with her, told her that her sentence would be between 6 and 12 months, did not discuss with her possible defenses and met with her only three times, which was insufficient to permit her to make a free, voluntary decision as to whether to plead guilty.

On April 25, 2002, the district court conducted a hearing on this motion. The court concluded that Freixas's plea had been knowing and voluntary and that there was no justification for the withdrawal of that plea. Accordingly, it denied appellant's motion. At sentencing, the district court denied Freixas's motion for an offense level reduction based on her minor or minimal role in the conspiracy. However, it imposed a 2 level enhancement for obstruction of justice based on the inconsistencies between her sworn testimony during her original plea colloquy and

her statements at the hearing on her motion to withdraw her guilty plea. The court

ultimately sentenced appellant to 37 months imprisonment.

As we explained in Najjar:

> Pursuant to Fed. R. Crim. P. 32(e), a district court may permit a defendant to withdraw his plea before the district court imposes sentence for "any fair and just reason." In determining whether a defendant has shown a fair and just reason, the district court evaluates the totality of the circumstances, including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea."

283 F.3d at 1309 (quoting United States v. Buckles, 843 F.2d 469, 472 (11th Cir.

1988)); see also United States v. Weaver, 275 F.3d 1320, 1327-28 (11th Cir. 2001),

cert. denied, 536 U.S. 961, 122 S. Ct. 2666, 153 L. Ed. 2d 840 (2002). Moreover,

"[w]hen a district court accepts a guilty plea, it must ensure that the three core

concerns of Rule 11 of the Federal Rules of Criminal Procedure have been met:

'(1) the guilty plea must be free from coercion; (2) the defendant must understand

the nature of the charges; and (3) the defendant must know and understand the

consequences of his guilty plea.'" United States v. Lejarde-Rada, 319 F.3d 1288,

1289 (11th Cir. 2003) (quoting United States v. Mosley, 173 F.3d 1318, 1322 (11th

Cir. 1999)). In reviewing a court's refusal to permit the withdrawal of a guilty

plea, we defer to its application of these criteria, and we will reverse only if its ultimate conclusion is "arbitrary or unreasonable." Najjar, 283 F.3d at 1307 (citation omitted).

Simply put, in this case the district court conducted an extensive review of the circumstances under which Freixas's original plea was entered, her understanding of the charges against her and of the consequences of her plea, and was more than justified in finding that she pled voluntarily and intelligently. In this vein, the magistrate judge explicitly found that she ably comprehended and spoke English. The district court also assessed the competency of her representation, and found that retained counsel's performance was in no sense deficient. The court's decision to discredit Freixas's contrary allegations in connection with her later request to withdraw her guilty plea was well within the ambit of its sound discretion. Moreover, we note that the district court's decision plainly served the goal of conserving judicial resources, as it obviated the need for a full trial on the merits in this case. For these reasons, the district court did not abuse its discretion in refusing to permit appellant to withdraw her guilty plea.

Equally unpersuasive is Freixas's argument that the magistrate judge was not empowered to conduct a Garcia hearing. See United States v. Zajac, 677 F.2d 61, 63 (11th Cir. 1982) (affirming a magistrate judge's determination that the

8

defendants had waived any potential conflict stemming from a joint representation).  Moreover, to the extent that appellant contests the merits of the magistrate judge's determination that she waived any potential conflict, this claim is plainly unmeritorious.  The magistrate judge's consideration of the circumstances surrounding appellant's waiver of any potential conflict of interest was detailed and extensive, and the conclusion that Freixas waived any potential conflict of interest was amply supported by the record.

As for Freixas's argument that she was denied the effective assistance of counsel, this claim is governed by the familiar principles set forth in United States v. Strickland, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064-65, 2068, 80 L. Ed. 2d 674 (1984).[3]  As we have explained:

> Under this test, the petitioner must first show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  If this substantial showing is made, the petitioner must then demonstrate that "the deficient performance prejudiced the defense," which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  As the Supreme Court has explained, "[u]nless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the

---

[3]Although we typically entertain ineffectiveness claims on collateral review, we may do so in the context of a direct appeal if the record is sufficiently developed, as it plainly is here.  See United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002), cert. denied, __ U.S. __, 123 S. Ct. 571, 154 L. Ed. 2d 457 (2002).

adversary process that renders the result unreliable."

Brownlee v. Haley, 306 F.3d 1043, 1059 (11th Cir. 2002) (quoting Strickland, 466

U.S. at 687, 104 S. Ct. at 2064).

> "In evaluating the first, or 'performance,' prong of Strickland":
>
> "[J]udicial scrutiny of counsel's performance must be highly
> deferential." Because retrospective evaluation of a lawyer's
> performance can be difficult, "a court must indulge a strong
> presumption that counsel's conduct falls within the wide range of
> reasonable professional assistance; that is, the defendant must
> overcome the presumption that . . . the challenged action might be
> considered sound trial strategy." A petitioner must identify specific
> acts or omissions that were not the result of reasonable professional
> judgment, and a court should deem these acts or omissions deficient
> only if they "were outside the wide range of professionally competent
> assistance." Simply put, the deference afforded an attorney's decision
> is great and the bar for proving a Sixth Amendment violation is high.
> In light of the "strong presumption in favor of competence," we have
> held that in order to prove deficient performance, "a petitioner must
> establish that no competent counsel would have taken the action that
> his counsel did take."

Id. (quoting Strickland, 466 U.S. at 687, 689-90, 104 S. Ct. at 2064-66 and

Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).

> Under the second or "prejudice" prong of the ineffectiveness inquiry:
>
> [A] petitioner must "affirmatively prove prejudice" by showing that
> counsel's errors "actually had an adverse effect on the defense." This
> requires a showing of more than "some conceivable effect on the
> outcome of the proceeding." Instead, the petitioner "must show that
> there is a reasonable probability that, but for counsel's unprofessional
> errors, the result of the proceeding would have been different. A

10

reasonable probability is a probability sufficient to undermine confidence in the outcome."

Id. (quoting Strickland, 466 U.S. at 693-94, 104 S. Ct. at 2067-68).

In this case, Freixas says that retained counsel should have, but failed to, fully review the plea agreement; investigate the case; agreed to represent her without requiring that she pay $7,500 for his services at trial; recognized that count four was legally insufficient; and interviewed more witnesses.

Put simply, appellant has come nowhere near satisfying either the unreasonableness or prejudice prong of the Strickland inquiry. Preliminarily, we note that privately retained counsel has every right to charge a fee of his or her choosing. We further recognize that count four was dismissed, so appellant cannot possibly have suffered prejudice as a result of counsel's failure to identify any deficiency associated with it. As for Freixas's remaining contentions, in general terms, the district court inquired in detail into the nature of the representation afforded by retained counsel, and was satisfied as to its adequacy prior to accepting her plea. We also find it notable that during the plea colloquy Freixas herself confirmed her satisfaction with counsel's performance.

Further and more specifically, Freixas's contentions regarding the objective unreasonableness of counsel's review of the plea agreement and his failure to

11

interview more witnesses are contradicted by counsel's own testimony, which the district court credited. Counsel testified at appellant's plea withdrawal hearing that he filed pleadings in the case and conducted discovery, and despite his reservations regarding the likelihood of acquittal, expressed to Freixas his willingness to go to trial if she so desired. Although he interviewed only appellant and Ravelo, the only other witnesses in the case were law enforcement officers and coconspirators, who he believed were unlikely to be helpful. Although the wisdom of these decisions is not beyond question, Freixas has not established that were objectively unreasonable under Strickland. Moreover, she certainly has failed to demonstrate that they prejudiced her in any meaningful way.[4] Accordingly, her ineffectiveness claim lacks merit.

As for appellant's argument regarding the propriety of an offense level reduction based on her minor or minimal role in the conspiracy, as stated, "a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." De Varon, 175 F.3d at 937. In this case, Freixas signed a statement of facts indicating that she hooked up a computer and helped download 45 stolen credit card numbers. Her role in the conspiracy was no

_____

[4]In this vein, we note that appellant was essentially "caught in the act" in this case, and as such it is overwhelmingly likely that she would have been convicted at trial.

less significant than those played by her coconspirators. Under these circumstances, the district court did not clearly err in declining her request for an offense level reduction.

Nor did the court err in imposing a two level upward adjustment for obstruction of justice. Appellant swore at her original plea colloquy that she was guilty of the crimes charged in counts one and four of the indictment, that she was pleading guilty voluntarily and not as a result of any external influence and that she understood the potential sentence in her case. Subsequently, in support of her motion to withdraw her plea, she told the district court -- again under oath -- that she was not guilty, that she pled guilty at the behest of her attorney and that her plea was predicated on a belief that she would receive between 6 and 12 months imprisonment. Simply stated, one of these accounts necessarily was dishonest, and the district court acted well within its discretion in crediting the former and discrediting Freixas's later disavowal of the voluntariness and intelligence of her guilty plea.

Under these circumstances, a two level upward adjustment under U.S.S.G. 3C1.1 was appropriate. See United States v. Laano, 58 Fed. Appx. 859, 862 (2d Cir. 2003) ("The affidavit [submitted in support of the defendant's motion to withdraw his guilty plea] . . . went beyond a general denial of guilt; it asserted

13

facts that were flatly inconsistent with [his] own statements at his allocution, and were material to the question of his guilt or innocence. The District Court was in a position to appraise the veracity of [the defendant's] allocution testimony, and was entitled to credit it over [his] subsequent recantation. Accordingly, we must defer to the District Court's judgment."); United States v. Adam, 296 F.3d 327, 335 (5th Cir. 2002) ("The district court did not find [the defendant] to have committed perjury based merely on his change of plea. Rather, it was [his] statements under oath regarding the circumstances surrounding his guilty plea, which the district court found to be untruthful, that led the court to impose the obstruction of justice enhancement. The court's factual finding of perjury is supported by the record as a whole. Thus, it is not clearly erroneous."). Indeed, as the Second Circuit recognized, the commentary to § 3C1.1 says that obstruction can consist of "providing materially false information to a judge or magistrate." Laano, 58 Fed. Appx. at 862 (quoting U.S.S.G. § 3C1.1 app. n.4(f)). In this case, there is no question that this standard is satisfied, and as such the district court's imposition of a two level enhancement was not error.

Because none of the claims raised by Freixas are meritorious, we affirm her conviction and sentence in all respects.

**AFFIRMED.**

14