[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 15, 2005**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 04-13169

_____

D. C. Docket No. 03-00042-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLARD TIMOTHY CARROLL,
a.k.a. Timmy,
a.k.a. Goose,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 15, 2005)**

Before CARNES and PRYOR, Circuit Judges, and FORRESTER[*], District Judge.

_____

[*] Honorable J. Owen Forrester, United States District Judge for the Northern District of
Georgia, sitting by designation.

PER CURIAM:

In this appeal from his conviction following a guilty plea, Willard Timothy Carroll contends that the district court erred in denying his motion to suppress. We need not decide whether the area in question was part of the curtilage of the dwelling. Even if it was, as the district court explained in its March 18, 2004 order denying the motion to suppress, Special Agent Ducote did not violate Carroll's reasonable expectation of privacy by approaching the front door of the dwelling in an attempt to speak with him. Once there, it was entirely reasonable for the agent to proceed around to the back door as the sign on the front door directed visitors to do. When he got around back, the items that were later described in the affidavit supporting the search warrant were in plain view.

Carroll also contends that the district court erred when it denied his motion to withdraw his guilty plea, because the district court did not explain adequately during the plea colloquy that Carroll faced a mandatory life sentence. We review the decision of the district court for abuse of discretion. United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003). During the plea colloquy, the district court informed Carroll that the government was seeking a sentence enhancement because of Carroll's previous convictions. The Court explained and Carroll acknowledged that the enhancement would increase Carroll's sentence to life. Carroll then

2

admitted to his previous convictions. Carroll's counsel stated that a five-year mandatory sentence for a firearms violation essentially was irrelevant, because the mandatory life sentence for methamphetamine Carroll faced outweighed it. The record shows that the district court adequately informed Carroll of the mandatory life sentence Carroll faced.

Carroll alleges that the district court confused him by mentioning the possibility of gain time and supervised release, which suggested that he might receive a lesser sentence than life imprisonment. The district court was correct in advising Carroll of those possibilities because it had yet to determine whether the government could establish the enhancements, nor had the court determined that it would not depart downward. The district court did not abuse its discretion when it denied Carroll's motion to withdraw his guilty plea.

**AFFIRMED.**