[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 17, 2006
THOMAS K. KAHN
CLERK

No. 05-12870
Non-Argument Calendar
_____

D. C. Docket No. 04-00196-CR-ORL-31KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALVAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 17, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Carlos Alvarez appeals his conviction and 264-month sentence for

distributing heroin resulting in serious bodily injury, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Alvarez argues that there was conflict between the statutory definition and the guideline definition of "serious bodily injury," and, as a result, he mistakenly pled guilty to a crime that he did not commit. He also argues that his sentence was enhanced improperly as a result of the conflicting definitions. His argument assumes that the Sentencing Guidelines definition of "serious bodily injury," and not the statutory definition, controls this case. Although Alvarez acknowledges that Ashley Loucks, the woman to whom he sold the heroin and who subsequently suffered an overdose, "probably would have died," had she not been rescued by paramedics, he analyzes a litany of cases from other circuits, arguing that the facts here did not amount to "serious bodily injury," as Loucks did not suffer a "chronic or long term result." He contends that the injury suffered by Loucks was not sufficient to meet the standard set forth in U.S.S.G. § 1B1.1, comment. (n.1(L)), and, additionally, whether or not there was a "substantial risk of death" was a fact that had to be found by a jury. As a result of the conflict between the statute and the guidelines, Alvarez argues, he did not understand his plea, and, therefore, the district court erred when it refused to allow him to withdraw his plea.

We "review the denial of a request to withdraw a guilty plea for abuse of

discretion, whereas . . . the application of the Sentencing Guidelines are reviewed

*de novo.*" *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003). A

decision is not an abuse of discretion unless it is arbitrary or unreasonable. *United*

*States v. Weaver*, 275 F.3d 1320, 1328 n.8 (11th Cir. 2001) (citations and

quotations omitted). After the district court has accepted the plea and before

sentencing, a defendant may withdraw a guilty plea if "the defendant can show a

fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

In determining whether the defendant has met his burden for a withdrawal, a

district court "may consider the totality of the circumstances surrounding the plea,"

including "whether the plea was knowing and voluntary." *United States v.*

*Buckles*, 843 F.2d 469, 471-72 (11th Cir. 1988).

Section 841 provides, in relevant part:

> . . . [A]ny person who violates . . . this section shall be sentenced as follows: In the case of [heroin,] . . . if death or *serious bodily injury* results from the use of such substance[, such person] shall be sentenced to a term of imprisonment of not less than twenty years or more than life.

21 U.S.C. § 841(b)(1)(C) (emphasis added). "Serious bodily injury," as used in the

statute, is defined in § 802(25) as "bodily injury which involves . . . a substantial

risk of death" (the "statutory definition"). 21 U.S.C. § 802(25).

The applicable guideline for violations of § 841(b)(1)(C) is U.S.S.G.

3

§ 2D1.1(a)(2), which provides for a base offense level of 38 if "serious bodily injury resulted from the use of the [heroin]." U.S.S.G. § 2D1.1(a)(2). The application notes for § 2D1.1 do not specify where the definition of "serious bodily injury," as used therein, can be found. *See generally* U.S.S.G. § 2D1.1, comment. The application notes to § 2D1.1 do, however, state that the guidelines use "the sentences provided in, and equivalences derived from, the statute (21 U.S.C. § 841(b)(1)), as the primary basis for the guideline sentences." U.S.S.G. § 2D1.1, comment. (n.10). The general definition for "serious bodily injury" put forth in the guidelines is "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation" (the "general guideline definition"). U.S.S.G. § 1B1.1, comment. (n.1(L)). The guidelines note that the definitions set forth in § 1B1.1, comment. (n.1) are "of terms that are used frequently in the guidelines and are of general applicability (except to the extent expressly modified in respect to a particular guideline or policy statement)." U.S.S.G. § 1B1.1, comment. (n.1).

Although no court expressly has held that a statutory definition should be given preference over a general guideline definition, the Supreme Court has stated that the guidelines "must bow to the specific directives of Congress." *United*

*States v. LaBonte*, 520 U.S. 751, 757, 117 S. Ct. 1673, 1677, 137 L. Ed. 2d 1001 (1997). The Supreme Court also has held that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute." *Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915, 123 L. Ed. 2d 598 (1993).

Because the record demonstrates that Alvarez understood the facts to which he pled guilty, and those facts constituted "serious bodily injury" under his conviction statute and under the applicable sentencing guideline, the district court did not abuse its discretion in denying Alvarez's motion to withdraw his plea or err in determining his sentence. Accordingly, we affirm Alvarez's conviction and sentence.

**AFFIRMED.**