[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 1, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15228
Non-Argument Calendar

_____

D. C. Docket No. 05-00031-CR-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON JERMAINE LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 1, 2006)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Jason Jermaine Lee appeals his convictions after pleading guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Lee asserts the district court abused its discretion by denying his motion to withdraw his guilty plea because it was not knowing and voluntary. He contends the plea was not knowing and voluntary because he did not understand the plea agreement would subject him to the application of the career offender guideline range. We conclude the district court did not abuse its discretion, and affirm.

"We 'review the denial of a request to withdraw a guilty plea for abuse of discretion.'" *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006), (quoting *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003)). A decision regarding a plea withdrawal request is not an abuse of discretion unless it is arbitrary or unreasonable. *Id.*

A district court is required, before it accepts a plea of guilty, to inform the defendant of, and determine that the defendant understands his rights relevant to his plea of guilty. Fed. R. Crim. P. 11(b). After the district court has accepted a defendant's plea, but before sentencing, a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R.

2

Crim. P. 11(d)(2)(B). The provisions of this rule should be "liberally construed." *United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996). However, "[t]here is no absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw] are issues for the trial court to decide." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988).

In determining if the defendant has met his burden for withdrawal, "a district court 'may consider the totality of the circumstances surrounding the plea,'" including the following factors: "'(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.'" *Brehm*, 442 F.3d at 1298 (quoting *Buckles*, 843 F.2d at 471-72). "There is a strong presumption that the statements made during the [plea] colloquy are true." *Medlock*, 12 F.3d at 187. Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). "A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving . . . or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent

3

admission of guilt." *Gaddy v. Linahan*, 780 F.2d 935, 943 (11th Cir. 1986) (quotations and citation omitted).

Under the first prong of the analysis, Lee had the close assistance of counsel who represented him at his plea hearings and sentencing hearing and requested a continuance after the first plea hearing to further review the plea agreement with him. In addition, at Lee's second change of plea hearing, the court inquired twice whether Lee was satisfied with his attorney's representation, and each time he answered affirmatively.

Regarding the second prong, the plea agreement expressly states that Lee stipulated he was a career offender. At Lee's first change of plea hearing, the Government summarized the plea agreement and the career offender provision. At Lee's second plea hearing, the Government again summarized the plea agreement and noted that Lee stipulated he was a career offender, and that the Guidelines range for career offenders would be applied. Additionally, Lee testified his attorney discussed the career offender provision with him. At Lee's sentencing hearing, he acknowledged he understood the PSI would recommend he be sentenced as a career offender. In sum, the record reflects Lee understood the nature of the constitutional protections he was waiving and had a complete understanding of the charges such that he made an intelligent admission of guilt.

4

As Lee has not satisfied the first two prongs of the *Buckles* analysis, this Court need not address the last two. We conclude the district court did not abuse its discretion by denying Lee's motion to withdraw his guilty plea.

AFFIRMED.