[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14217
Non-Argument Calendar

_____

D. C. Docket No. 05-20118-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO RUBEN PEREZ,
a.k.a. Raw Dawg,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 23, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Eduardo Ruben Perez appeals his sentence of 444 months of imprisonment

after pleading guilty to two counts of conspiracy to commit robbery and two counts of robbery in violation of the Hobbs Act. See 18 U.S.C. § 1951(a). Perez argues that the district court abused its discretion when it refused to allow him to withdraw his guilty plea, erred when it denied him a minor-role adjustment, and imposed an unreasonable sentence. We affirm.

Perez first argues that the district court abused its discretion when it refused to allow him to withdraw his guilty plea before sentencing. Perez contends that he was incompetent at the time he entered his guilty plea. We "review the denial of a request to withdraw a guilty plea for abuse of discretion," United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003), and there is no abuse of discretion unless the denial is arbitrary or unreasonable, United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). We will not overturn a determination of competency by a district court unless it is clearly erroneous. United States v. Hogan, 986 F.2d 1364, 1372 (11th Cir. 1993).

The district court did not abuse its discretion. During the plea colloquy, Perez stated under oath that he understood the proceedings and the consequences of his guilty plea. Perez was evaluated by two doctors, both of whom found him competent. Although Perez contended at the sentencing hearing that he lacked competence at the plea colloquy, the district court found Perez's statements to be

2

"contrived and not credible". Because the finding of the district court that Perez was competent at the plea colloquy was not clearly erroneous, the district court did not abuse its discretion by denying Perez's motion to withdraw his guilty plea.

Perez next argues that the district court erred when it denied him an adjustment based on his role in the offense, which Perez contends was minor. Perez argues that, although he pleaded guilty to robbery and conspiracy to commit robbery, the relevant conduct for purposes of determining his role in the offense is first-degree murder, because his base offense level was calculated based on the level for premeditated murder. See United States Sentencing Guidelines § 2B3.1(c) (Nov. 2005). We disagree.

We review the determination of a defendant's role in an offense for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999). "[T]he district court's ultimate determination of the defendant's role in the offense should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." Id. at 940. "[A] defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants." Id. at 944. "So long as the basis of the trial court's

decision is supported by the record <u>and</u> does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." <u>Id.</u> at 945.

The district court did not clearly err in denying Perez a minor-role reduction. Even if first-degree murder is the relevant offense against which Perez's participation is measured, Perez set up the robbery and knew physical force would be used to complete the robbery. Perez then returned to the crime scene to remove his fingerprints from the vehicle where the robbery and murder occurred. Perez also participated in a second robbery with his conspirator.

Finally, Perez argues that his sentence is unreasonable. He argues that the district court failed to give adequate weight to his level of intoxication during the offense and his history of drug use. Perez also contends that the district court did not give adequate weight to the facts that the victim was a drug dealer and Perez gave an honest statement to law enforcement at the first available opportunity. We disagree.

"Review for reasonableness is deferential." <u>United States v. Talley</u>, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." <u>Id.</u> "When we review a sentence for

reasonableness, we do not, as the district court did, determine the exact sentence to be imposed." Id. "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Id. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

Perez's sentence of 444 months of imprisonment was reasonable. The sentence was within the guidelines range and below the statutory maximum sentence. Both the sentencing order and the transcript of the sentencing hearing establish that the district court sentenced Perez after careful consideration of Perez's arguments in favor of mitigation, the Guidelines, and the sentencing factors of section 3553(a).

Perez's sentence is

**AFFIRMED.**