[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11046
Non-Argument Calendar

_____

D.C. Docket Nos. 8:19-cv-02320-SCB-CPT,
8:17-cr-00446-SCB-CPT-1

MARTIN AVELLANEDA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 23, 2021)

Before NEWSOM, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Martin Avellaneda appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. He contends the district court erred by denying him an evidentiary hearing because he was able to show both that his plea counsel performed deficiently and that he suffered a higher sentence because of it. After review,[1] we affirm the district court.

An evidentiary hearing must be held on a motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The prisoner "is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (quotations omitted). "[A] petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief. If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quotations and emphasis omitted, alteration in original).

---

[1] In federal habeas appeals based on claims of ineffective assistance of counsel, we review the district court's findings of fact for clear error and its legal conclusions and mixed questions of law and fact *de novo*. *Martin v. United States*, 949 F.3d 662, 667 (11th Cir.), *cert. denied*, 141 S. Ct. 357 (2020). We review a district court's denial of an evidentiary hearing in a § 2255 case for abuse of discretion. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). The two-part *Strickland* test for ineffective assistance of counsel claims requires the defendant to show that: (1) "his trial counsel's performance was deficient"; and (2) "trial counsel's deficient performance prejudiced the defense." *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (quotations omitted). If the movant fails to establish either prong, the reviewing court need not address the other prong. *Strickland*, 466 U.S. at 697.

To prove the deficient performance prong, the petitioner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. Judicial scrutiny of counsel's performance is highly deferential. *Id.* at 689. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. To show deficient performance, a petitioner must demonstrate that no competent counsel would have taken the action that his counsel took. *United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003). There is a strong presumption that counsel's conduct fell within the range of reasonable performance. *Strickland*, 466 U.S. at 689. Counsel is not incompetent so long as his or her approach could be considered sound strategy. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (*en banc*).

3

The district court did not abuse its discretion by denying an evidentiary hearing on Avellaneda's § 2255 motion because the record conclusively showed that his ineffective assistance of counsel claim was without merit.  The record demonstrates the delay in Avellaneda's entry of a plea was based on his counsel's negotiations with the Government regarding the application of a sentencing enhancement.  It was a reasonable strategy for counsel to advise against being locked into a plea agreement before negotiating about a possible sentencing enhancement that would have precluded Avellaneda from obtaining safety valve relief, affecting whether he would be subject to a minimum of ten years' imprisonment.  Given that Avellaneda has not demonstrated his counsel's performance was deficient, we need not reach the issue of prejudice.  Accordingly, we affirm.

**AFFIRMED.**