[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10843

Non-Argument Calendar

_____

MASONIEK STINFORT,

                                                    Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,


                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 9:19-cv-81691-RLR
9:17-cr-80108-RLR-1

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Masoniek Stinfort, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. We granted a certificate of appealability on the question whether Stinfort's trial and appellate counsel were constitutionally ineffective for failing to object to and appeal his 120-month sentence for conspiracy to commit wire fraud under 18 U.S.C. § 371 because it exceeded the 60-month statutory maximum for that offense. Because Stinfort can't establish prejudice from his trial counsel's failure to object to this sentence and can't establish deficient performance with respect to his appellate counsel's failure to appeal on this ground, we affirm the district court's denial of relief.[1]

To succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient

---

[1] "When reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law *de novo*." *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009) (per curiam). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). The scope of our review is limited to the issues specified in the COA. *Rhode*, 583 F.3d at 1290–91. We therefore decline to address the issues that Stinfort raises on appeal that are outside the scope of the COA.

performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To make such a showing, a defendant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *United States v. Freixas*, 332 F.3d 1314, 1320 (11th Cir. 2003) (quotation omitted). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. As to the prejudice prong, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Failure to establish either prong makes it unnecessary to consider the other. *Strickland*, 466 U.S. at 697.

"Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*." *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (per curiam). "In assessing an appellate attorney's performance . . . the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue" because effective advocates "weed out weaker arguments, even though they may have merit." *Id.* (quotation omitted). Appellate "[c]ounsel's performance will be deemed prejudicial if we find that the neglected

claim would have a reasonable probability of success on appeal." *Id.* at 1265 (quotation omitted).

As relevant to the ineffective assistance of counsel claim that Stinfort raises, "[t]he concurrent sentence doctrine provides that, if a defendant is given concurrent sentences on several counts and the conviction on one count is found to be valid, an appellate court need not consider the validity of the convictions on the other counts." *United States v. Bradley*, 644 F.3d 1213, 1293 (11th Cir. 2011) (quotation omitted). "Only when the defendant would suffer adverse collateral consequences from the unreviewed conviction does the doctrine not apply." *Id.* (quotation omitted).

Starting with Stinfort's trial counsel's failure to object to the 120-month sentence for conspiracy to commit wire fraud, Stinfort's ineffective-assistance claim fails because he cannot show prejudice. Even if Stinfort's counsel had successfully objected and caused Stinfort's sentence on this count to be reduced, Stinfort's total sentence still would be 144 months' imprisonment: The 120-month sentence for the conspiracy count runs concurrently with five *other* concurrent 120-month sentences for Stinfort's five substantive counts of wire fraud, and this Court already has affirmed the validity of the sentences for those substantive counts. *See* Doc. 14-5 at 68; *United States v. Stinfort*, 749 F. App'x 860, 865 (11th Cir. 2018) (per curiam). And Stinfort hasn't challenged the 24-month consecutive prison sentence that he received for his aggravated-identity-theft convictions. *See Stinfort*, 749 F. App'x at 864 n.1. Therefore, even if Stinfort's trial counsel had successfully objected to his 120-

month sentence for conspiracy, he would have received the same 144-month total prison sentence.

Moreover, there is not a "reasonable probability" that the court would have ordered less restitution, even if it did reduce the prison sentence for conspiracy, because Stinfort agreed to pay the $409,968 restitution amount when he agreed to plead guilty to the charges. *See Strickland*, 466 U.S. at 694; Doc. 14-2 at 2. Because the restitution amount would remain the same even if the conspiracy sentence were reduced, Stinfort cannot establish adverse collateral consequences resulting from his conspiracy sentence. *See Bradley*, 644 F.3d at 1293. So, given that Stinfort would have received the same total prison sentence and been ordered to pay the same restitution regardless of whether his trial counsel had objected to his sentence on the conspiracy count, there is no "reasonable probability" that the "outcome" of his trial would have been different but for his counsel's allegedly deficient performance. *Strickland*, 466 U.S. at 694.

Turning to Stinfort's *appellate* counsel's failure to appeal his 120-month conspiracy sentence, we conclude that Stinfort can't show that this failure constituted deficient performance. Although a non-frivolous issue existed with regard to whether the district court erred in imposing a sentence above the statutory maximum for this count, Stinfort's counsel didn't perform deficiently when he focused his appeal on stronger arguments instead. *See Philmore*, 575 F.3d at 1264; *Stinfort*, 749 F. App'x at 861–63 (focusing on the district court's alleged errors in applying sentencing

enhancements and weighing the sentencing factors). Given the likelihood that this Court would have denied Stinfort relief under the concurrent-sentence doctrine, "competent counsel [may] have taken the action that [Stinfort's] counsel did take," *Freixas*, 332 F.3d at 1319–20 (quotation omitted), by "weed[ing] out" this issue altogether, *Philmore*, 575 F.3d at 1264. Stinfort thus can't overcome the "strong[] presum[ption]" that his appellate counsel used "reasonable professional judgment" in deciding not to appeal his sentence for conspiracy on the basis that it exceeded the statutory maximum. *Strickland*, 466 U.S. at 690.

Because Stinfort, at the very least, can't establish prejudice from his trial counsel's failure to object and can't establish deficient performance with respect to his appellate counsel's failure to appeal, his ineffective-assistance-of-counsel claims fail.

**AFFIRMED.**