**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13238

Non-Argument Calendar

_____

TROY C. DRISKELL,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

*Respondents-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02135-KKM-NHA

_____

Before NEWSOM, BRASHER, and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner Troy Driskell, a pro se Florida prisoner serving a
40-year sentence for human trafficking and deriving proceeds from

prostitution, appeals the district court's order denying his 28 U.S.C. § 2254 petition.  The district court concluded that the state post-conviction court did not violate clearly established federal law in determining that Driskell failed to establish that his counsel was ineffective during opening statements at trial.  We granted a certificate of appealability on the sole question of "whether Driskell was deprived of effective assistance of counsel, under *Strickland v. Washington*, 466 U.S. 668 (1984), when during opening statements, counsel stated that (1) the victim gave Driskell money for him to deposit into her banking account and (2) the jury would see records from the victim's bank account."  Having reviewed the record and read the parties' briefs, we affirm the district court's order denying Driskell habeas relief.

## I.

We review de novo the district court's denial of a § 2254 habeas petition.  *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010).  If a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the decision of the state court (1) "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).  Further, we presume a state court's factual determinations are correct, and the petitioner has the burden of proving otherwise "by clear and convincing evidence." *Pye v. Warden, Georgia Diagnostic Prison*, 50 F.4th 1025, 1035 (11th Cir. 2022) (quoting *Id*. at § 2254(e)(1)).

When analyzing a claim of ineffective assistance under § 2254(d), our review is "doubly" deferential to counsel's performance. *Harrington v. Richter*, 562 U.S. 86, 105, 131 S. Ct. 770, 788 (2011). Thus, under § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*, 131 S. Ct. at 788. Furthermore, although an ineffective assistance claim is a federal constitutional claim, when the claim of ineffectiveness is based on whether counsel should have raised issues of state law, AEDPA requires the federal court to defer to the state court's decision regarding its own laws. *See Pinkney v. Sec'y, Dep't of Corrs.*, 876 F.3d 1290, 1295 (11th Cir. 2017).

## II.

A state prisoner seeking federal habeas relief must prove that a ruling by the state court "on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103, 131 S. Ct. at 786-87. Where, as here, a state appellate court does not explain its decision, federal courts should "look through" to the last decision that provides "a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 584 U.S. 122, 125, 138 S. Ct. 1188, 1192 (2018).

To prove ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at

687, 104 S. Ct. at 2064.  Counsel's performance is deficient if it falls below "the range of competence demanded of attorneys in criminal cases."  *Id.*, 104 S. Ct. at 2064 (internal quotations and citation omitted).  There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690, 104 S. Ct. at 2066.  To overcome that presumption, a petitioner must show that no competent attorney would have acted as his counsel did.  *United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (quotation marks omitted).

To prove that counsel's deficient performance was prejudicial, the defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  A "reasonable probability" is less than a preponderance of the evidence, but "sufficient to undermine confidence in the outcome."  *Id.*, 104 S. Ct. at 2068.

## III.

On appeal, Driskell argues that his counsel rendered ineffective assistance during opening statements when counsel said that the victim gave Driskell money from her prostitution activities.  Driskell contends that his counsel's comment conceded the financial benefit element of both counts for which he was later found guilty.  Driskell also asserts that he was denied effective assistance when counsel promised the jury that it would see the victim's bank records but failed to follow through on that promise.  He claims

that these actions constitute deficient performance because (1) counsel's first statement conflicted with Driskell's later testimony that he never received any money from the victim, and (2) counsel failed to present central exculpatory evidence. Driskell argues that this deficient performance prejudiced him because it was a "close case," and there was a reasonable probability that a different outcome would have occurred, but for his counsel's "missteps."

We conclude from the record that there is no evidence that the post-conviction court's findings, in denying Driskell's Florida Rule of Criminal Procedure 3.850 motion, which the district court was required to "look through," were contrary to clearly established federal law or were based on an unreasonable determination of the facts. The state court reasonably concluded that counsel's statement to the jury that Driskell received money from the victim did not violate *Strickland* because the statement was not an admission of guilt. The defense's theory centered around the claim that Driskell did not know that the victim was engaging in prostitution. Thus, if the jury believed Driskell's testimony, it would be of no consequence that the victim gave Driskell money because the money that she was giving him would not have been earned through any criminal means. We cannot conclude that no competent attorney would have acted as counsel did, or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceedings would have been different. Therefore, we conclude that neither the district court nor the state post-conviction court erred in finding that counsel provided competent assistance.

Also, we conclude, based on the record, that the state court reasonably determined that counsel's failed promise to present records from the victim's bank account did not constitute ineffective assistance of counsel because it is not reasonably probable that the jury would have changed its verdict if it either (1) had been able to review those documents, or (2) had never heard any mention of them. In either situation, the fact is that the victim testified that Driskell controlled her money, and Driskell admitted that he typically kept the victim's debit card when she was not using it. Thus, the jury could have credited the victim's testimony that Driskell controlled her money regardless of whether it saw the victim's bank statements. We conclude that there is not a reasonable probability of a different outcome but for this alleged error by defense counsel, and Driskell cannot meet his burden of demonstrating prejudice.

Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Driskell habeas relief.

**AFFIRMED.**