[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13230
Non-Argument Calendar

_____

D. C. Docket No. 06-60305-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 2, 2008)

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Travis Green appeals his conviction for possession of a firearm and

ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). We affirm.

## I. BACKGROUND

Green pled guilty to one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). In making its factual proffer in support of the plea, the government stated that two detectives stopped a car occupied by Green, who was the driver, and a woman passenger, Carla Owens. The officers found a .38 caliber loaded revolver in Owens's purse. Green then yelled to the officers, "It's my gun." R3 at 12. After being advised of her rights, Owens stated that Green had given her the revolver to hide just before they were stopped by the officers. The government further stated that Green, who was a convicted felon, confirmed Owens's statement that she was hiding the gun for him. The district judge asked Green whether he agreed with the facts stated by the government, to which he replied, "Yes." Id. at 16.

The judge questioned Green in accordance with Federal Rule of Criminal Procedure 11(b)(1)-(3). The judge also asked: "And are you fully satisfied with the counsel, representation and advice that you have received from [your attorney] in this case?" R3 at 4. Green stated that he was and agreed that he had been given "full opportunity to discuss the charge and [his] case in general, including any

2

defenses that [he] might have with [his] attorney." Id. In exchange for Green's guilty plea and the waiver of his right to appeal his sentence, the government orally agreed to recommend that Green receive the mandatory minimum sentence of fifteen years of imprisonment. The judge accepted Green's guilty plea.

Before his sentencing hearing, Green filed a motion to withdraw his guilty plea.[1] In his motion, Green stated that: (1) the revolver related to his offense actually belonged to Owens, and he claimed ownership to protect her; (2) Owens would have testified at trial that the revolver was hers; (3) his former counsel misrepresented to Green that Owens was unwilling to testify that the revolver belonged to her; and (4) he chose to plead guilty because of that misrepresentation. R1-50 at 1-2. Green also stated that his counsel met with him only twice, for a combined total of forty-five minutes, between the time when he hired him and the trial date. Id. at 2. Green argued that he had a just and fair reason to withdraw his plea, as set out in Federal Rule of Criminal Procedure 11(d), because (1) he did not receive close assistance of counsel, since his attorney met with him for only forty-five minutes before his trial; (2) he did not make a knowing and voluntary plea, since he mistakenly believed that a viable defense, found in Owens's possible testimony, was unavailable; and (3) the government only recently had prepared to

---

[1]Green filed a second amended motion that included additional excerpts from the transcript but the same arguments.

take the case to trial, and the trial itself would be relatively simple, since it pertained to a traffic stop.

In denying Green's motion, the district judge reviewed the factors under United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003). The judge noted that she had conducted an extensive Rule 11 inquiry prior to accepting Green's guilty plea, stressed that Green had indicated that he was fully satisfied with his attorney's representation, and that he had been given ample opportunity to discuss the indictment and any defenses. Additionally, Green agreed at the plea hearing with the facts proffered by the government and denied being coerced to plead guilty. The judge further noted that she had found Green competent and capable of entering into an informed plea and that, "based on the totality of the foregoing circumstances, . . . [Green] has not established a fair and just reason for the Court to exercise its discretion to allow [him] to withdraw his plea." R1-62 at 3. The district judge subsequently sentenced Green to 180 months of imprisonment.

## II. DISCUSSION

On appeal, Green argues that the district judge abused her discretion in denying his motion to withdraw his guilty plea. Our review standard for the denial of a request to withdraw a guilty plea is abuse of discretion. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir.) (per curiam), cert. denied, __ U.S. __, 127

S. Ct. 457 (2006). A decision regarding a plea withdrawal request is not an abuse of discretion unless it is "'arbitrary or unreasonable.'" Id. (citation omitted). After the district judge has accepted a plea and before sentencing, a defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We have recognized, however, that "there is no absolute right to withdraw a guilty plea prior to imposition of a sentence." United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988).

When deciding whether a defendant has shown a fair and just reason for withdrawal, the district judge evaluates the totality of the circumstances, including "'(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.'" See Brehm, 442 F.3d at 1298 (quoting Buckles, 843 F.2d at 471-72). If an appellant does not satisfy the first two prongs of the Buckles analysis, we need not "give particular attention" to the last two. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

Based on the totality of the circumstances, the district judge did not abuse her discretion in determining that Green had failed to provide a fair and just reason

5

for withdrawing his plea. Under the first prong of the analysis, Green's argument that he did not receive the close assistance of counsel lacks merit. At his plea hearing, Green testified that he was satisfied with his counsel's representation. He also averred that he had been able to discuss the charge and his case with his attorney. Accordingly, the record supports a finding that Green received close assistance of counsel.

The district judge also did not abuse her discretion in finding that Green's plea was knowing and voluntary. Although Green argues that he did not learn of his attorney's alleged misrepresentation until after the plea hearing, "[t]here is a strong presumption that statements made during the [plea] colloquy are true." United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) (per curiam). At his plea hearing, Green was presented with a recitation of the facts of his offense, which he testified were true. He also agreed that he had stated that the gun was his and that he had handed it to Owens to hide in her purse. In his motion to withdraw his guilty plea, Green offered no evidence that Owens was prepared to testify that the gun was hers, apart from his own word, which would have contradicted what was proffered at the plea hearing by the government regarding her statements. It

6

is within the district judge's sound discretion to evaluate whether to accept a defendant's representations in a motion to withdraw a guilty plea. See Buckles, 843 F.2d at 471.

Considering Green's own statements during the proffer and the lack of evidence offered by Green in his motion, the totality of the circumstances reasonably supports the district judge's finding that Green's plea was knowing and voluntary. Because Green has not satisfied the first two prongs of the Buckles analysis, we need not address the last two. We conclude that the district judge did not abuse her discretion by denying Green's motion to withdraw his guilty plea, because his plea was knowing, voluntary, and counseled, and he did not provide sufficient evidence to demonstrate a fair and just reason for withdrawal of his plea.

### III. CONCLUSION

Following his guilty plea, Green has appealed his conviction for possession of a firearm and ammunition by a convicted felon. As we have explained, under the totality of the circumstances, the district judge did not abuse her discretion in concluding that Green's plea was knowing and voluntary, and he has failed to show a fair and just reason for withdrawing his plea. Accordingly, his conviction is AFFIRMED.