[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14134
Non-Argument Calendar

_____

D. C. Docket No. 06-00226-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN PHILLIP HURWITZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 9, 2008)

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Benjamin Phillip Hurwitz appeals his conviction for unauthorized use of a

protected computer with the intent to defraud and cause damage. 18 U.S.C. § 1030(a)(5)(A)(i). Hurwitz argues that the district court abused its discretion by not allowing him to withdraw his guilty plea on the ground that his counsel was ineffective for failing to discover the correct amount of loss attributable to his conduct. Hurwitz admits that, on remand, he would plead guilty again. We affirm.

We review a denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003). "The district court will be reversed only if its decision is arbitrary or unreasonable." United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1998). There is not an absolute right to withdraw a guilty plea before sentencing. Id.

"A defendant may withdraw a plea of guilty . . . (2) after the court accepts the plea, but before it imposes sentence if: . . . (B) the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). To determine whether there is a "fair and just reason" for withdrawal of the plea, a district court considers the totality of the circumstances surrounding the plea, which includes several factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Buckles, 843 F.2d

2

at 471–72 (citation omitted).  If the defendant received close assistance of counsel and entered the plea knowingly and voluntarily, we need not give "considerable weight" to the remaining factors.  See United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).  Among other factors that we have considered are the defendant's admission of factual guilt under oath at a plea hearing and the timing of the motion to withdraw.  United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).  "The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal."  Buckles, 843 F.2d at 473.  There is a strong presumption that statements made during the plea colloquy are true.  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

Based on a review of the record and the parties' briefs, we discern no reversible error.  The district court did not abuse its discretion in denying Hurwitz's motion to withdraw his guilty plea.  Hurwitz entered the plea knowingly and voluntarily.

The record supports the finding that Hurwitz received the close assistance of counsel before pleading guilty.  In his plea agreement, Hurwitz acknowledged "his complete satisfaction with the representation and advice received from defendant's undersigned counsel."  At his change of plea hearing, Hurwitz stated that he was

3

satisfied with the representation by his counsel and Hurwitz had discussed the agreement with his counsel before signing the agreement. In his motion to withdraw, Hurwitz admitted that he had been aware of the loss amount stated in the plea agreement and had believed it was "arbitrary," but he stated in the plea colloquy that he was satisfied with his counsel and wanted to plead guilty.

Hurwitz failed to establish ineffective assistance of counsel. United States v. Pease, 240 F.3d 938, 941 (11th Cir. 2001). Hurwitz failed to establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). Hurwitz instead admitted and still admits that he would plead guilty again.

The record also supports the finding that Hurwitz knowingly and voluntarily pleaded guilty. In his plea agreement, Hurwitz stated that he was pleading guilty "freely and voluntarily . . . and without promise of benefit of any kind . . . and without threats, force, intimidation, or coercion of any kind." At the change of plea hearing, Hurwitz stated that he had read the plea agreement "[n]umerous times" before signing it, he "[a]bsolutely" understood it, and he was freely and voluntarily pleading guilty. Hurwitz admitted that the stipulation of facts in the plea agreement was correct even though the amount of loss stated in the agreement

4

was higher than the amount later found by the district court.  Hurwitz also admitted in his plea colloquy that he understood that the district court was not bound by the amount of loss stated in the plea agreement.

We affirm Hurwitz's conviction.

**AFFIRMED.**