[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12236
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00031-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK O'NEAL KENNEDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 10, 2020)

Before MARTIN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Patrick O'Neal Kennedy appeals the district court's denial of his motion to withdraw his guilty plea. Kennedy pled guilty to one count of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The district court sentenced him to 151 months' imprisonment, a sentence at the bottom of his applicable guideline range. In calculating Kennedy's guideline range, the district court determined he qualified as a career offender under U.S.S.G. § 4B1.2(b), a finding that resulted in a significant increase in Kennedy's base offense level. On appeal, Kennedy challenges the district court's denial of his presentence motion to withdraw his guilty plea, arguing he offered the district court a fair, just, and compelling reason to withdraw his guilty plea. After review,[1] we affirm.

After the district court has accepted a guilty plea and before sentencing, the defendant may withdraw a guilty plea if the defendant shows "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The "fair and just reason" standard should be liberally construed, but there is no absolute right to withdraw a guilty plea before sentencing. *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). To determine whether a defendant has shown a "fair and just reason" for requesting a withdrawal, courts should consider the totality of the

---

[1] We review a district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003). "The district court may be reversed only if its decision is arbitrary or unreasonable." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).

circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 471–72.

Kennedy argues he met all the necessary criteria, though he focuses particularly on whether his plea was knowing and voluntary. Although Kennedy concedes the district court conducted an adequate plea colloquy, he nonetheless contends he did not understand the likely impact of his career-offender status on his applicable guideline range and consequent sentence. As a result, he argues, he was unaware of the impact of his guilty plea and therefore did not make a knowing and voluntary waiver of his rights.[2]

---

[2] Kennedy also asserts, in his opening brief, that he did not receive the "close assistance of counsel" because his court-appointed counsel who represented him throughout the plea process was constitutionally ineffective. Specifically, he argues his counsel should have moved to suppress the video recording of the controlled buy that resulted in the charges against him on the ground that it was illegally obtained under Georgia law. As a result, he argues, he pled guilty to a crime to which he had a viable defense. He also claims his counsel failed to adequately explain the career-offender enhancement. While the district court, in ruling on Kennedy's motion to withdraw his guilty plea, briefly questioned Kennedy's plea counsel, counsel was not under oath, and this limited questioning was insufficient to develop the factual record as to any constitutional ineffective assistance of counsel claim. Where, as here, the factual record has not been developed, "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010). Indeed, Kennedy, in his reply brief, acknowledges that the record is underdeveloped and asks to reserve any ineffective assistance claim until it can be fully developed by way of a § 2255 motion. We therefore express no opinion about whether Kennedy's allegations about his counsel's advice or failure to file a motion to suppress may later support an ineffective assistance of counsel claim.

In determining that a defendant's guilty plea is knowing and voluntary, the district court must conduct a plea colloquy to ensure that the three core concerns of Rule 11 are met: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003) (quotations omitted). There is a strong presumption that statements made during the plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Kennedy has not shown the district court abused its discretion in denying his motion to withdraw his guilty plea. To start, the record, as it stands, demonstrates that Kennedy entered his plea knowingly and voluntarily. *See Buckles*, 843 F.2d at 471–72. The plea agreement detailed the statutory penalties associated with the count to which he was pleading guilty. The agreement explicitly stated that Kennedy "fully understands that [his] plea of guilty . . . will subject [him] to a term of imprisonment of not more than twenty (20) years, a $1,000,000.00 fine, or both, and at least three (3) years of supervised release."

As for Kennedy's anticipated guideline range, the plea agreement further stated that Kennedy understood: (1) the district court was "not bound by an estimate of the probable sentencing range that [he] may have received from [his] counsel"; and (2) he would not be allowed to withdraw his plea after receiving "an

4

estimated guideline range from the Government, [his] counsel, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Report." And while the plea agreement did not specifically discuss the applicability of the career-offender enhancement, it did stipulate that Kennedy had three specific prior felony convictions for controlled substance offenses, two of which the Presentence Investigation Report cited as the basis for the enhancement. Kennedy and his plea counsel signed the agreement and initialed every page of the agreement.

Moreover, in response to the district court's questions during the Rule 11 colloquy, Kennedy confirmed he understood the charge against him and the range of penalties he faced for that charge. Counsel stated he had read every word of the agreement to Kennedy, and Kennedy indicated he understood the agreement and did not have any questions about it. The district court also confirmed Kennedy's understanding of the consequences of pleading guilty, including sentencing, the appeal waiver, and his alternative right to go to trial with appointed counsel.

The record also shows Kennedy received the close assistance of counsel at all pertinent stages of the plea proceedings. *See Buckles*, 843 F.2d at 471–72. During the plea colloquy, Kennedy stated he had spoken with his court-appointed counsel about his case, including potential defenses, and was satisfied with his services. Counsel stated he had discussed the facts, potential penalties and

defenses, and Kennedy's constitutional rights with Kennedy.  Kennedy also confirmed that counsel had explained the Sentencing Guidelines to him, and he understood them.

In light of the above, we cannot say, based on the record before us, that the district court's denial of Kennedy's motion to withdraw his guilty plea was "arbitrary or unreasonable."[3]  *See id.* at 471; *see also Freixas*, 332 F.3d at 1316. Accordingly, we affirm.

**AFFIRMED.**

---

[3] Where, as here, the first two factors outlined in *Buckles* favor denying the motion to withdraw the plea, we do not "give particular attention" to the remaining two.  *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).