[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12156
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00011-ALB-JTA-5

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRYANT POUNCY,
a.k.a. "fifty",
a.k.a. "fifty cent",

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 19, 2021)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Bryant Pouncy appeals his convictions for drug and firearms-related offenses.  He argues that the district court erred in denying his motions to withdraw his guilty plea and to suppress.  After careful review, we conclude that the district court was within its discretion to deny the motion to withdraw Pouncy's guilty plea.  We do not reach the district court's decision on the motion to suppress because Pouncy's guilty plea bars our consideration of that claim.  We therefore affirm.

## I.    BACKGROUND

In a superseding multi-defendant indictment, a federal grand jury charged Pouncy and others for their roles in a large-scale methamphetamine trafficking organization.  Pouncy was charged with ten drug and firearms-related counts, including conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); six counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); one count of conspiracy to maintain a drug-involved premises, in violation of 21 U.S.C. § 846; and one count of maintaining a drug-involved premise, in violation of 21 U.S.C. § 856(a)(1).

Pouncy moved to suppress wiretap evidence obtained from his cell phone.  The district court denied the motion, and Pouncy pled guilty to all counts pursuant

2

to a plea agreement.  As part of the plea agreement, the government agreed to recommend a sentence at the bottom of the advisory guidelines range as calculated by the district court at sentencing.  In a cooperation agreement included as an addendum to the plea agreement, the government stated its understanding that Pouncy would "provide substantial assistance to the government in at least one ongoing investigation or prosecution."  Doc. 411 at 1.[1]  The government agreed that if Pouncy did "provide such assistance," then it would "seek a reduction in [Pouncy's] offense level pursuant to § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e)."  *Id.*  The cooperation agreement stated that "[t]he extent of any reduction [would] be at the government's discretion" and based on the factors set forth in U.S.S.G. § 5K1.1(a).  *Id.* at 1–2.

With Pouncy's consent, a magistrate judge conducted a change-of-plea hearing.  Pouncy testified that he had fully discussed the charges with defense counsel, Crowell Pate DeBardeleben, but that the two had not fully discussed the plea agreement.  The magistrate judge recessed for an hour for the two to go over the plea agreement, and when the court reconvened Pouncy testified that he had sufficient time to review the agreement, understood its terms, and was satisfied with DeBardeleben's explanation of the agreement's terms.  Pouncy confirmed that he understood the trial rights he was giving up by pleading guilty.  He testified that

---

[1] "Doc." numbers refer to the district court's docket entries.

no one had threatened him or made promises beyond those in the written plea agreement to persuade him to accept the agreement. He testified that he was entering into the agreement of his own free will and because he was guilty.

Pouncy acknowledged that the district court could impose a more severe sentence than what the government recommended and he would not be permitted to withdraw his plea on that ground. He acknowledged the maximum penalties of the counts to which he was pleading guilty and confirmed his understanding that the sentence he received might be different from any estimate DeBardeleben gave him. The magistrate judge found that Pouncy was fully competent and capable of entering an informed plea, was "aware of the nature of the charges and the consequences of the plea, and that the plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses." Doc. 712 at 24.

In anticipation of sentencing, a probation officer prepared a presentence investigation report ("PSR"). The probation officer calculated Pouncy's total offense level as 43 and his criminal history category as VI, resulting in a guidelines range of life imprisonment.

Pouncy's sentencing proceedings were continued several times. In a final motion for a continuance, defense counsel moved to permit his withdrawal of representation and for the court to appoint Pouncy new counsel, citing an "impasse

on agreement with [Pouncy's] position on sentencing." Doc. 685 at 1. The court granted the motion and appointed Pouncy new defense counsel. Meanwhile, the government filed a sentencing memorandum in which it recommended a sentence of life imprisonment. Separately, however, the government represented to defense counsel that it would recommend a five-level downward departure under U.S.S.G. § 5K1.1—a departure that would result in a guidelines range of 360 months' to life imprisonment, and a recommendation pursuant to the plea agreement that Pouncy be sentenced to 360 months, or 30 years.

With new counsel, Pouncy moved to withdraw his guilty plea, arguing that "he entered into this plea agreement under certain[] promises from his former attorney and the government as to his case," promises that "never materialized" despite Pouncy's reliance on them "to his detriment." Doc. 701 at 1. The government opposed the motion, and the district court held a hearing on the matter. At the hearing, Pouncy argued that his plea was not knowing and voluntary because he operated under the misunderstanding, brought about by government representations and his counsel's advice, that any reduction in his sentence under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) would be from a recommended 25-year sentence, not from the guidelines range of life imprisonment.[2] As evidence of his

---

[2] Pouncy also argued that the government breached the plea agreement by failing to request that the court depart from a recommended 25-year sentence. The district court rejected

understanding that the government would seek a reduction from a baseline of 25 years, Pouncy explained that he had undertaken significant personal risk by agreeing to supply information about his codefendants, including one defendant who had substantial connections to a Mexican drug cartel and who had absconded after being detained briefly in California.

DeBardeleben, an experienced criminal defense attorney, testified that when he came on the case, Pouncy had been offered a plea agreement for no cooperation with a recommended 30-year prison term. Pouncy rejected that offer, after which, DeBardeleben testified, the government offered a plea agreement for no cooperation with a recommended 25-year prison term. Pouncy then decided to cooperate with the government, so he proffered against several codefendants, including his codefendant with direct cartel ties. DeBardeleben understood that "[a]t this point in time we've got the 25 year [agreement], and we're trying to whittle on the 25 years to get that down with the 5K" reduction. Doc. 778 at 15. But when "discussions started in regards to the 5K," the government went "back to the 30 years that [Pouncy] had been offered" previously. *Id.* at 17. However, when asked what his expectation was "as to an actual 5K" reduction after Pouncy "actually performed," DeBardeleben testified:

that argument, and he does not specifically argue on appeal that the district court's decision was erroneous.

That would have been a total guess on my part, so I'm real careful not to talk about it. [Pouncy] certainly planned it to cut down that 25 years he was looking at. But I never—because I don't know what they're going to do, I never did tell him this is what we should get.

*Id.* at 17–18.

DeBardeleben acknowledged that Pouncy did not initially want to plead to all counts in the indictment, but he convinced his client to do so because the government wanted Pouncy to take full responsibility for his offenses, thereby preserving his credibility before a jury in potential trials against codefendants. He opined several times that he was "ineffective" for Pouncy "because we were told 25 years" and "g[o]t 30." *Id.* at 34.

Bradley Bodiford, who was counsel for the government during the plea negotiations, testified that he never told DeBardeleben how much of a sentence reduction Pouncy would receive if he cooperated. He testified he never represented that Pouncy's sentence recommendation would start at 25 years and then be reduced for cooperation. Pouncy testified that he participated in a phone conversation with DeBardeleben and Bodiford, during which Bodiford asked him to assist the government in obtaining convictions for his codefendants. Pouncy said Bodiford told him that if he gave such assistance, "he would make sure I get a good 5K1 and get off the 25 years." *Id.* at 77. He testified that he understood any reduction for substantial assistance would be from the recommended 25 years the

7

government previously had offered.  And he testified that he pled guilty because DeBardeleben told him to.

The district court denied Pouncy's motion to withdraw his plea.  Based on the hearing testimony, the court described its understanding of the case:  After turning down a formal offer for a recommended 30-year sentence without any cooperation agreement and an informal offer for a recommended 25-year sentence without cooperation, Pouncy decided to cooperate with the government "in a bid to get a lower sentence."  Doc. 731 at 5.  "Specifically, Pouncy agreed to testify against the Mexican 'kingpin' member of the conspiracy who was Pouncy's link to the Mexican cartel that provided the meth."  *Id.*  "That person was captured, but he was released on bond and absconded.  After it became unlikely that he would ever be prosecuted, DeBardeleben tried, but failed, to convince the government to recommend a below-25-year sentence for Pouncy."  *Id.*  The court found that, "[f]or reasons beyond Pouncy's and the government's control," the assistance Pouncy provided was unlikely to lead to a conviction of his cartel-connected codefendant.  *Id.* at 6.  "But that kind of change in circumstances is not in-and-of-itself a reason to withdraw a plea."  *Id.*

The court further found that the totality of the relevant circumstances "weigh[ed] overwhelmingly against allowing Pouncy to withdraw his plea of guilty."  *Id.* at 7.  First, Pouncy had close assistance of counsel throughout the

process—he had an experienced attorney and an express opportunity to review and discuss the plea agreement with counsel. The court expressly found that, despite his testimony, DeBardeleben was not ineffective. DeBardeleben's "perfectly reasonable strategy" of pursuing a sentence possibly lower than 25 years because of information that led to a high-level prosecution "was flummoxed only by a wildly irresponsible ruling by a California magistrate judge" who released the codefendant with alleged cartel ties. *Id.* at 8. DeBardeleben had "vigorously negotiat[ed] for as much substantial assistance credit as possible based on the changed circumstances," *id.*, and could still argue for a lower sentence at sentencing. The court also found credible DeBardeleben's testimony that he never advised Pouncy that he should expect a particular sentence.

Second, Pouncy's testimony at his change-of-plea hearing demonstrated that his decision to plead guilty was made knowingly and voluntarily. Third, the court found that "[i]t would waste judicial resources and prejudice the government to allow Pouncy to withdraw his plea." *Id.* at 9 (emphasis omitted). The criminal case had "been pending for almost two years," had already resulted in one trial and six guilty pleas, and Pouncy was the only remaining in-custody defendant whose case had not been resolved. *Id.*

The parties moved forward to sentencing. Citing Pouncy's substantial assistance, the government moved for a five-level downward departure under

9

U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).  At sentencing, the district court adopted the calculations in the PSR and granted the government's motion for a downward departure; as a result, it calculated Pouncy's guidelines range as 360 months' to life imprisonment.  Consistent with its promise in the plea agreement, the government requested that the court impose a sentence no higher than 360 months.  The district court accepted the government's recommendation and sentenced Pouncy to 360 months' imprisonment, followed by 10 years of supervised release.

This is Pouncy's appeal.

## II.    STANDARD OF REVIEW

We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion.  *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).  A district court may grant a motion to withdraw a guilty plea if the defendant shows a "fair and just reason," but "there is no absolute right to withdraw a guilty plea."  *Id.* (quotation marks omitted).  A district court's denial of a motion to withdraw a guilty plea "may be reversed only if its decision is arbitrary or unreasonable."  *Id.*

## III.    DISCUSSION

Pouncy challenges the district court's denial of his motion to withdraw his guilty plea and motion to suppress.  For the reasons that follow, we affirm the

district court's decision on Pouncy's challenge to his guilty plea.  And because

Pouncy waived his right to challenge the denial of his motion to suppress by

pleading guilty, we do not address his challenge to the district court's refusal to

suppress evidence.

Prior to accepting a guilty plea, the district court must ensure that the "three

core concerns of Rule 11 of the Federal Rules of Criminal Procedure have been

met:  (1) the guilty plea must be free from coercion; (2) the defendant must

understand the nature of the charges; and (3) the defendant must know and

understand the consequences of his guilty plea."  *United States v. Lejarde-Rada*,

319 F.3d 1288, 1289 (11th Cir. 2003) (quotation marks omitted).  "There is a

strong presumption that the statements made during the colloquy are true."  *United

States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

In determining whether to allow a defendant to withdraw his guilty plea, the

district court "may consider the totality of the circumstances surrounding the plea,"

including: "(1) whether close assistance of counsel was available; (2) whether the

plea was knowing and voluntary; (3) whether judicial resources would be

conserved; and (4) whether the government would be prejudiced if the defendant

were allowed to withdraw his plea."  *Buckles*, 843 F.2d at 471–72 (citation

omitted).  The district court has discretion to determine the "credibility and weight

of a defendant's assertions in support of" a motion to withdraw a guilty plea.  *Id.* at

472. Thus, a district court's decision to discredit a defendant's allegations of deficient counsel during a hearing on a motion to withdraw and to credit the defendant's prior contrary testimony is "well within the ambit of its sound discretion." *United States v. Freixas*, 332 F.3d 1314, 1318–19 (11th Cir. 2003).

We conclude that the district court was within its discretion to deny Pouncy's motion to withdraw his guilty plea. The court entertained evidence at an evidentiary hearing and made findings of fact, including credibility determinations. The court found DeBardeleben's testimony about having not made Pouncy a promise as to his sentence credible. And, as evidenced by its factual findings, the court rejected Pouncy's testimony during the evidentiary hearing and credited Bodiford's testimony and Pouncy's testimony at his change-of-plea hearing. We discern no abuse of discretion in those credibility determinations. *See id.* Further, the court carefully parsed the factors set out in *Buckles* and weighed those factors. Especially given the strong presumption we must apply that statements made during a plea colloquy are true, *see Medlock*, 12 F.3d at 187, the district court was within its discretion to decide that the factors weighed against withdrawal of Pouncy's plea, *see Freixas*, 332 F.3d at 1318–19.

Pouncy argues that the district court failed to adequately weigh the fact that DeBardeleben testified that he was ineffective. But a trial counsel's admission of error in an evidentiary hearing is not dispositive. *See Newland v. Hall*, 527 F.3d

12

1162, 1207–08 (11th Cir. 2008). And here, the district court rejected counsel's characterization of his representation. On this record we cannot say that was an abuse of discretion.

Pouncy also represents that he would have received a sentence similar to the one he ultimately received had he simply pled guilty without any negotiated agreement with the government. He argues that this fact evinces an understanding that a negotiated plea would have resulted in a substantially lower sentence. Pouncy's representation that he would have received a similar sentence without any negotiation is, however, pure speculation. Indeed, without offering assistance to the government, Pouncy's guidelines range would have been life imprisonment. So even if the government had recommended a bottom-of-the-guidelines sentence, it would have been greater than the 30 years Pouncy ultimately received. And even if Pouncy provided substantial assistance and received a five-level recommended downward departure—bringing his guidelines range down to 360 months to life—without the negotiated plea agreement the government would have been under no obligation to recommend a sentence at the bottom of that reduced guidelines range. Thus, without any negotiated plea agreement the government could have recommended that Pouncy receive a sentence higher than the one it recommended pursuant to the plea agreement Pouncy signed.

For these reasons, we affirm the district court's denial of Pouncy's motion to withdraw his plea. Moreover, a defendant's knowing, voluntary, and unconditional guilty plea waives all non-jurisdictional defects in the proceedings. *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984). A district court's refusal to suppress evidence is a non-jurisdictional issue that is waived by entering an unconditional plea. *United States v. Charles*, 757 F.3d 1222, 1227 n.4 (11th Cir. 2014). Thus, Pouncy's challenge to the district court's denial of his motion to suppress is barred by his unconditional guilty plea,[3] and we do not address it.

## IV. CONCLUSION

For the foregoing reasons, we affirm Pouncy's convictions.

**AFFIRMED.**

---

[3] The government contends that this issue also is barred by an appeal waiver provision contained within the plea agreement. However, we need not reach the enforceability of the appeal waiver, as the plea itself bars the present claim.

14