[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 20-11844

Non-Argument Calendar

————————————————

IGOR POLSHYN,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-00963-SCB-JSS

————————————————

Before LUCK, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Igor Polshyn, a federal prisoner proceeding *pro se*,[1] appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. We granted Polshyn a certificate of appealability on two issues: (1) whether Polshyn's trial lawyer rendered ineffective assistance by failing to communicate a December 2015 plea offer to Polshyn; and (2) whether the district court abused its discretion when it denied that ineffective-assistance-of-counsel claim without holding an evidentiary hearing.[2] No reversible error has been shown; we affirm.

We review the district court's denial of an evidentiary hearing in a section 2255 proceeding for abuse of discretion. *See Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows

---

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] To the extent Polshyn seeks to adopt arguments made by his co-defendant in a separate 28 U.S.C. § 2255 proceeding or asserts arguments on behalf of his co-defendant, those arguments are outside the scope of the certificate of appealability. The arguments are not properly before us in this appeal. *See McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Id.*

Generally speaking, a district court should hold an evidentiary hearing on a section 2255 motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Griffith*, 871 F.3d at 1329. A petitioner is entitled to an evidentiary hearing if he alleges "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Griffith*, 871 F.3d at 1329. A hearing is unnecessary, however, when the petitioner's "allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (quotations omitted).

In the context of an ineffective-assistance-of-counsel claim, a petitioner is entitled to an evidentiary hearing if he alleges facts that show both (1) that his lawyer's performance was deficient and (2) that the deficient performance prejudiced his defense. *Griffith*, 871 F.3d at 1329 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). To show deficient performance, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003). To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In his *pro se* section 2255 motion,[3] Polshyn alleged that his lawyer never notified him about a plea offer made by the prosecution in December 2015. Polshyn says he first learned of the plea offer after trial and sentencing when reviewing his lawyer's files.[4] Had his lawyer conveyed properly the plea offer, Polshyn says a reasonable probability exists that he would have pleaded guilty.[5]

A criminal defense lawyer "has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). A lawyer's failure to convey a plea agreement thus constitutes deficient performance under *Strickland*. *Id*.

---

[3] We construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[4] As an exhibit to his section 2255 motion, Polshyn submitted a letter (dated 14 December 2015) sent by the prosecutor to Polshyn's lawyer and to the lawyer for Polshyn's co-defendant. In pertinent part, the letter references "plea agreements" and "proffer agreements" purportedly enclosed with the letter. The letter also directs each lawyer to review the agreements with his client. The record contains no copy of the referenced plea agreements and no evidence about the proposed terms (for example, years to be served) of those agreements.

[5] In his section 2255 motion, Polshyn says there was a "reasonable probability" and a "high probability" that he would have accepted a plea agreement that allowed him to avoid a 25-year sentence. In a later-filed affidavit, Polshyn said he would have pleaded guilty had the government presented a "reasonable" offer, which he says could have been an offer for "anything from 8 to 10, 12 years." On appeal, Polshyn makes no argument that he would have accepted a plea offer had it been conveyed to him.

at 145, 147. Accepting Polshyn's factual allegations as true,[6] Polshyn has alleged facts sufficient to show that his lawyer's performance was deficient.

Even if Polshyn can satisfy the first element under *Strickland*, Polshyn has failed to satisfy his burden of showing prejudice. To establish his entitlement to an evidentiary hearing, Polshyn had to make a credible allegation that -- but for his lawyer's alleged failure to convey the government's plea offer -- Polshyn would have accepted the plea offer and pleaded guilty. *See Rosin v. United States*, 786 F.3d 873, 878 (11th Cir. 2015). Although not dispositive, we have said that a defendant's denial of guilt is a pertinent factor to consider in determining whether a defendant would have accepted a plea offer. *See Osley*, 751 F.3d at 1224-25 (concluding that petitioner established no prejudice in part because petitioner's "insistence on his innocence, both before and after trial, makes it more difficult to accept his claim that he would have taken a fifteen-year plea deal.").

In *Rosin*, we concluded that the district court abused no discretion in denying -- without an evidentiary hearing -- Rosin's section 2255 motion. 786 F.3d at 879. We determined that Rosin's "conclusory after-the-fact assertion" that he would have accepted a guilty plea but for his trial lawyer's alleged errors was "affirmatively contradict[ed]" by the record. *Id*. at 878-79. In making that

---

[6] For purposes of this appeal, we accept as true Polshyn's assertion that a plea offer existed and that his lawyer failed to convey that plea offer.

determination, we considered this record evidence: (1) affidavits from Rosin's lawyers describing Rosin's insistence on going to trial and on maintaining his innocence; (2) Rosin's trial testimony blaming others for his situation and claiming he was the victim of a "set up": testimony we said "reflected an infinite resolve to proclaim his innocence" and manifested no intention to accept responsibility; and (3) Rosin's refusal at the sentencing hearing to accept personal responsibility for the alleged conduct. *Id.*

As in *Rosin*, the record in this case contradicts affirmatively Polshyn's assertion that he would have pleaded guilty and accepted a plea offer had one been conveyed to him. Throughout the extended criminal proceedings -- proceedings that included two different full jury trials[7] -- Polshyn asserted consistently that he was innocent of the drug-trafficking offenses and wanted to proceed to trial. Affidavits filed by both of Polshyn's trial lawyers describe Polshyn's insistence on going to trial and on maintaining his innocence. According to one of Polshyn's lawyers, Polshyn also refused to debrief with the government in exchange for a possible downward departure under U.S.S.G. § 5K1.1.

At both his first and second jury trials, Polshyn testified in his own defense and under oath maintained his innocence. According to Polshyn's trial testimony, he and his co-defendant -- while sailing at night in the open sea -- discovered by accident the illegal

---

[7] The first trial resulted in a mistrial after the jury was unable to reach a verdict.

drugs when their rented sailboat became ensnared in ropes attached to wrapped packages of cocaine.

Polshyn also continued to assert his innocence after the jury found him guilty. Polshyn filed objections to the Presentence Investigation Report, in which he objected both to the factual description of the offense conduct and to the application of an obstruction-of-justice sentencing enhancement for committing perjury at trial. Polshyn maintained that he testified truthfully at trial and that he was innocent of the charged offense. During his comments at the sentencing hearing, Polshyn indicated that he was the victim of injustice; Polshyn took no responsibility for his conduct.

This record evidence is enough to refute Polshyn's "conclusory after-the-fact assertion" that he would have accepted the proposed plea offer. *See Rosin*, 786 F.3d at 878-79 (concluding that the record "patently contradict[ed]" petitioner's claim that he would have accepted a plea when the evidence showed that petitioner "persistently refused to accept responsibility and adamantly professed his innocence during all stages of his criminal proceedings"). On this record, Polshyn has made no credible allegation that he was prejudiced by his lawyer's alleged failure to convey the plea offer.

Because Polshyn has failed to allege facts sufficient to show that he is entitled to relief, the district court abused no discretion in denying Polshyn's ineffective-assistance-of-counsel claim without holding an evidentiary hearing.

8                          Opinion of the Court                    20-11844

AFFIRMED.