[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13158

Non-Argument Calendar

_____

KISSINGER ST. FLEUR,

Defendant-Appellant,

*versus*

UNITED STATES OF AMERICA,

Plaintiff- Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 6:21-cv-00591-CEM-LHP,
6:17-cr-00131-CEM-LHP-7

———————————————

Before JORDAN, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Kissinger St. Fleur, a *pro se* federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his convictions and sentence.  Specifically, he challenges his convictions for conspiracy to distribute, and to possess with intent to distribute, a controlled substance and aiding and abetting the possession of a controlled substance with intent to distribute it.  We granted a certificate of appealability to determine whether Mr. St. Fleur was denied effective assistance when his counsel failed to move to suppress evidence found during a search of his person following a traffic stop of a vehicle in which he was a passenger.  After a review of the parties' briefs and the record below, we affirm the denial of § 2255 relief.

**I[1]**

Mr. St. Fleur's challenge centers on evidence discovered during a search of his person following the traffic stop of a car in which he was a passenger.  Mr. St. Fleur contends that the evidence resulting from this search should have been suppressed because his

———————————————

[1] "Civ. Doc." refers to the documents from the instant 28 U.S.C. § 2255 proceedings (CM/ECF for the U.S. Dist. Ct. for M.D. Fla., Case No. 6:21-cv-591-CEM-LHP), while "Crim. Doc." refers to documents from St. Fleur's underlying criminal proceedings (CM/ECF for the U.S. Dist. Ct. for M.D. Fla., Case No. 6:17-cr-131-CEM-LRH).

consent to that search was arguable, and his trial counsel, Ernesto Luna, failed to file a motion to suppress that evidence. He supported this contention with an affidavit attached to his § 2255 motion alleging that he never consented to a search. He also testified to the same effect at an evidentiary hearing held on his § 2255 motion. At that hearing Mr. St. Fleur explained that Mr. Luna had informed him that no video of the traffic stop or search existed, but he did not believe Mr. Luna. Mr. St. Fleur's co-defendant testified similarly that Mr. St. Fleur never gave consent to be searched.

The district court noted, however, that it found the testimony of Mr. St. Fleur's co-defendant to be "awful" and as a result it would give that testimony "little consideration." The district court also found Mr. St. Fleur's testimony similarly lacking in credibility because Mr. St. Fleur continued to deny any involvement in the conspiracy (until later admitting to his participation because it impacted his claim concerning a plea offer); he had multiple prior convictions; and he claimed someone else drove a car he was seen in to transact drugs, but refused to identify who that individual was.

Mr. Luna and the officer who searched Mr. St. Fleur told a different story, one the district court ultimately found more credible than that of Mr. St. Fleur and his co-defendant. In an affidavit submitted by the government, Mr. Luna stated that Mr. St. Fleur had never explicitly directed him to file a motion to suppress. Mr. Luna testified at the § 2255 hearing that Mr. St. Fleur had inquired about a motion to suppress when Mr. Luna first met with him to

discuss the evidence in the case. Mr. Luna explained that he had asked Mr. St. Fleur whether he had consented to the search and that Mr. St. Fleur responded that he never told the officer that he could not search. Mr. Luna testified that he had looked for video footage of the search but was unable to find any recordings. He also testified that Mr. St. Fleur never asked about the motion to suppress after that. He further testified that he would have filed the motion to suppress had Mr. St. Fleur asked about it again. The district court found Mr. Luna's testimony credible because it was corroborated by police officer testimony at the § 2255 hearing and in Mr. St. Fleur's criminal trial: there was no video evidence of the search and Mr. St. Fleur had consented to the search.

## II

In a § 2255 proceeding, we review legal issues *de novo* and factual findings for clear error. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). "Ineffective assistance of counsel claims are mixed questions of law and fact that we review *de novo*." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). We hold *pro se* pleadings to a less stringent standard and liberally construe them. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III

A prisoner in federal custody may file a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution." 28 U.S.C.

§ 2255. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Based on this right, the Supreme Court has held that "the Constitution requires that a criminal judgment be overturned because of the actual ineffective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 684 (1984).

A successful claim of ineffective assistance of counsel requires the defendant to show that (1) his counsel performed deficiently and (2) the deficient performance prejudiced him. *See id.* at 687. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In other words, a defendant must show that no competent attorney would have acted in the same manner as his counsel. *See United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The "reasonable

probability" standard is less demanding than the "more likely than not" standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986).

We have explained that "[c]redibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). As a result, we "must accept the evidence unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *Id.* (quotation marks omitted).

## IV

The only potential deficient performance Mr. St. Fleur identified was Mr. Luna's failure to file a motion to suppress the evidence resulting from the search of his person after the traffic stop. We first resolve whether that decision constituted deficient legal representation. If the decision was not constitutionally deficient, there is no need to address the potential prejudice to Mr. St. Fleur.

Law enforcement officers may search an individual or his property without a warrant, probable cause, or reasonable suspicion, so long as they first obtain the voluntary consent of the individual in question. *See United States v. Blake*, 888 F.2d 795, 798 (11th Cir. 1989). Whether to move to suppress evidence is generally a strategic decision so long as the decision "involve[s] a weighing of competing positive and negative consequences that may flow to the defendant from a particular choice." *Green v. Nelson*, 595 F.3d

1245, 1251 (11th Cir. 2010).  Where the alleged error is counsel's failure to file a motion to suppress, the "relevant question" under *Strickland*'s performance prong is whether "no competent attorney would think a motion to suppress would have failed."  *Premo v. Moore*, 562 U.S. 115, 124 (2011).

Mr. Luna testified at the evidentiary hearing that he discussed the relevant evidence with Mr. St. Fleur, who told him that he never said that the officer could not search him.  Mr. Luna also looked for video evidence but was unable to find any.  The district court found Mr. Luna's testimony credible.  His account, moreover, was corroborated by the testimony of the police officer who conducted the search at the criminal trial: he testified that Mr. St. Fleur had consented to the search.  Mr. St. Fleur's own contrary testimony, as well as that of his co-defendant, was discredited by the court.

Given the district court's factual findings, Mr. St. Fleur has failed to overcome the strong presumption that Mr. Luna "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  The decision not to file a motion to suppress was a reasonable one in this case.  Many competent attorneys could conclude that a motion to suppress in these circumstances—including Mr.

St. Fleur's acknowledgement that he never told the officer he could not perform a search—would be fruitless.[2]

## V

The district court's denial of Mr. St. Fleur's motion to vacate is affirmed.

**AFFIRMED.**

---

[2] Because Mr. St. Fleur did not establish that his counsel's failure to file a motion to suppress constituted deficient legal representation, we need not reach the prejudice prong of *Strickland*.